UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:16-CR-0091 |
| RAFAEL LORA, | (MARIANI, J.) |
| | (MEHALCHICK, M.J.) |
| Defendant | |

**MEMORANDUM**

This matter comes before the Court on Defendant's Amended Motion for Emergency Pre-Sentencing Release (Doc. 282); a motion for reconsideration of an early denial of a motion for pre-sentencing release (Doc. 285); an motion for release contained within an omnibus motion (Doc. 299); and another motion for release (Doc. 312). Defendant, Rafael Lora, moves this Court for emergency release from custody due to the compelling reason of the COVID-19 pandemic, his family's need for his presence, and his lack of violent history. Lora moves pursuant to 18 U.S.C. § 3143(c). The Government opposes this motion. (Doc. 315).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On March 31, 2015, Rafael Lora was charged in a Criminal Complaint with conspiracy to possess with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 846; and importation of one kilogram of cocaine, in violation of 21 U.S.C. § 963. (Doc. 1). On May 14, 2019, Lora entered a plea of guilty to the first count of the indictment, conspiracy to possess with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 846. (Doc. 243; Doc. 248). The offense to which Lora has agreed to plead guilty carries with it a mandatory minimum period of imprisonment of five years and a maximum period of forty years. On June 3, 2019, Lora was ordered to voluntarily

surrender to the custody of the United States to await sentencing. (Doc. 250). A sentencing date has not yet been set.

Lora is currently housed at Lackawanna County Prison. In the instant motion, brought pursuant to 18 U.S.C. § 3143(c), Lora seeks an order of emergency release due to an exceptional reason – that being the risk associated with being incarcerated during the current COVID-19 pandemic. Lora asserts that he has a nonviolent history and his family is in "extreme dire and desperate need of him and his support." The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks release under 18 U.S.C. § 3143(c), and the Court is able to resolve the motion without a hearing or oral argument.

**II.   DISCUSSION**

   A.   THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[1] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[2] As of the date of this writing, there are

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

27,688,740 confirmed cases worldwide and 899,315 deaths; in the United States, there are 6,272,193 confirmed cases and 188,608 deaths.[3] Mindful of the incredible magnitude of this situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

      B.    CONDITIONS AT LACKAWANNA COUNTY PRISON

Lackawanna County Prison has implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff.[4] Specifically, the action plan includes suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings; planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area.

In addition to the above measures and precautions, effective March 20, 2020, the Warden of Lackawanna County Prison began requiring that all employees and other individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison.[5]

---

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited September 10, 2020).

[4] *See* Lackawanna County Prison COVID-19 Preventative Actions, https://www.lackawannacounty.org/wp-content/uploads/2020/03/prison.pdf (last updated March 13, 2020).

[5] *See* Temperatures, https://www.lackawannacounty.org/wp-content/uploads/2020/03/employee.pdf (last updated March 20, 2020).

C.  RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3145(C)

Lora moves for release pursuant to 18 U.S.C. § 3143(c). Once a defendant has entered a guilty plea, he is awaiting sentencing, and his release or detention is considered under 18 U.S.C. § 3143. *United States v. Hartsell*, 3:19-CR-14(02), 2020 WL 1482175, at *1 (N.D. Ind. Mar. 25, 2020); *United States v. Felix*, 5:19CR711, 2020 WL 1677494, at *2 (N.D. Ohio Apr. 6, 2020) (release pending sentencing is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions).

Lora is detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), which mandates detention if a defendant is convicted of a crime for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46. *See* 18 U.S.C. §§ 3142(f)(1)(C); 3143(a)(2). Pursuant to § 3143(a)(2), detention is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

A defendant subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1)[6] may be ordered released, under

---

[6] Per § 3143(a)(1) a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless [a] judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c)," and if a "judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with § 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c). "Exceptional" is something out of the ordinary that distinguishes the defendant's situation from that of other defendants subject to mandatory presentence detention. *United States v. Ortiz*, 1:18-CR-00134, 2020 WL 1904478, at *5 (M.D. Pa. Apr. 17, 2020); citing *United States v. Smith*, 34 F.Supp.3d 541, 553–54 (W.D. Pa. 2014) (internal citations omitted). The defendant carries the burden of establishing why detention is not appropriate. *Smith*, 24 F.Supp.3d at 551-52.

Lora submits that he should be released because the COVID-19 pandemic is an exceptional reason which renders his detention not appropriate, and that his family situation renders his presence necessary. Five of his six children continue to live at home with his wife of twenty-four years. Additionally, his wife does not drive, making it difficult for the family to gather life-sustaining necessities.

Lora's risk of exposure to COVID-19 at the Lackawanna County Prison is not an exceptional circumstance warranting his release. "As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions.... In the absence of evidence demonstrating a change in circumstances concerning [the defendant's] status as a flight risk and danger to another person or the community, detention pending sentence must be maintained." *United States v. Rollins*, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020). Nothing about Lora's circumstances has changed to override the presumption of detention under § 3143(a)(2). Nothing about the COVID-19 pandemic reduces the defendant's danger to others. *United States v. Johnson*, 4:17-CR-256-2, 2020 WL 1939588, at *6 (M.D. Pa. Apr. 22, 2020). In considering a motion to continue a self-surrender date in light of the COVID-19

5

pandemic, the Third Circuit held that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *3 (3d Cir. April 1, 2020). In the context of reviewing a motion for compassionate release, the Circuit noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

Even considering Lora's family issues and potential for COVID-19 exposure, his assertion of risk is speculative and there is nothing in the record before the Court that reflects that the prison is not taking steps to mitigate his risk for infection. A defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation. *See United States v. West*, 2020 WL 1638840, at *2 (D. Md. Apr. 2, 2020) (denying motion for pretrial release where defendant tested positive for COVID-19, holding that he is receiving medical care in jail, he has no plan for medical care should he be released, and that there is no evidence that medical care he might receive in the community is better than that which he is receiving in prison, without continuing to be a threat to the safety of others); *see also Raia*, 2020 WL 1647922, at *2. Further, as discussed *supra*, the Lackawanna County Prison has taken steps to mitigate the risk of infection and treat those individuals, both staff and inmates, who are at risk of infection, exhibit symptoms of infection, or actually test positive for infection. For all

these reasons, Lora fails to establish exceptional circumstances that warrant his release under 18 U.S.C. § 3145(c).

III. **CONCLUSION**

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Lora's exposure to the virus while at the Lackawanna County Prison, that potential exists anywhere in the community. The facility has taken steps to minimize infection. With no evidence that prison is not providing appropriate medical care, or is unable to do so, the Court is not persuaded that Lora should be released pending sentencing. As such, his motions (Doc. 282; Doc. 285; Doc. 299; Doc. 312) are **DENIED**.

An appropriate Order will follow.

**Dated: September 14, 2020**                                *s/ Karoline Mehalchick*
                                                             **KAROLINE MEHALCHICK**
                                                             **United States Magistrate Judge**